UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WISE, an individual; CHRISTINA WISE, an individual,<br><br>                               Plaintiffs,<br><br>vs.<br><br>DANIEL NORDELL, in his individual and official capacity; JIM KOERBER, in his official capacity; BONNIE DUMANIS, in her official capacity; THE SAN DIEGO DISTRICT ATTORNEY'S OFFICE; ANGELA CHANG, in her individual and official capacity; THE COUNTY OF SAN DIEGO; THE CALIFORNIA BOARD OF MEDICAL EXAMINERS; DOES 1-50,<br><br>                               Defendants. | CASE NO. 12cv1209-GPC(BGS)<br><br>**ORDER STAYING CASE PURSUANT TO <u>YOUNGER V. HARRIS</u>, 401 U.S. 37 (1971); DENYING PLAINTIFFS' MOTION FOR REDUCED BAIL; GRANTING PLAINTIFFS' MOTION FOR A STAY; DENYING PLAINTIFFS' MOTION FOR APPOINTMENT OF COUNSEL AS MOOT; DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>[Dkt. Nos. 28, 43.] |

    Before the Court is Defendants' fully briefed motion to dismiss the first amended complaint.[1] (Dkt. No. 28.) On March 11, 2013, Defendants filed a notice with the Court that on January 31, 2013, a Grand Jury indicted Plaintiffs in San Diego Superior Court case number SCD 235446 and criminal

---

[1] Plaintiffs' first amended complaint alleges numerous causes of action, including but not limited to an illegal search and seizure, unlawful arrest; failure to provide Miranda Rights concerning the investigation of Plaintiffs by Defendants, .

- 1 -                                                           [12cv1209-GPC(BGS) ]

1 proceedings are pending against Plaintiffs.[2] (Dkt. No. 39.) On March 19, 2013, Plaintiffs filed a motion for reasonable bail, continuance and a request for appointed counsel. (Dkt. No. 43.) They also filed a supplemental brief in support of a motion for bail reduction. (Dkt. No. 41.) In these documents Plaintiffs state that they were arrested on February 1, 2013 based on an indictment conducted by a Grand Jury and are currently in the custody of the San Diego Sheriff's Correctional Department. They are being held under a $ 1 million dollar bail. They improperly argue the merits of their criminal case and facts surrounding the bail hearing in state court. In their motion, they request a bail reduction. They also request that the case be stayed for up to one year, until March 18, 2014, until Plaintiffs can be represented by appointed counsel or are released. They also seek appointment of counsel as they are unable to represent themselves while incarcerated. Based on Younger v. Harris, 401 U.S. 37 (1971), the Court ABSTAINS and STAYS the case until conclusion of the pending state court criminal case. The Court also DENIES Plaintiffs' motion for reduced bail as not properly before this Court, GRANTS Plaintiffs' motion for a stay and DENIES Plaintiffs' motion for appointment of counsel as MOOT. The Court further DENIES Defendants' motion to dismiss the first amended complaint subject to refiling once the stay has been lifted.

**Discussion**

"Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008). The Supreme Court in Younger reaffirmed the principle that federal courts should not interfere with state criminal proceedings unless absolutely necessary to protect constitutional rights. Younger, 401 U.S. at 45. Under Younger, federal courts must abstain if four requirements are met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in

---

[2]Defendants point out that in the Court's prior order granting in part and denying in part Defendants' motion to dismiss filed on September 10, 2012, it noted that if criminal proceedings were instituted against Plaintiffs, then Plaintiffs' claim for injunctive relief would be barred by the doctrine of abstention under Younger v. Harris, 401 U.S. 37 (1971). (Dkt. No. 24 at 6 n. 2.) However, Defendants do not move to abstain or stay the instant case.

1  a way that <u>Younger</u> disapproves." <u>Id.</u> at 1092 (citations omitted).  Abstention is inappropriate when
2  there is a showing of bad faith, harassment, or some other extraordinary circumstance.  <u>Middlesex</u>
3  <u>County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 435 (1982).

4      <u>Younger</u> abstention is required, however, only when state court proceedings are initiated
5  "before any proceedings of substance on the merits have taken place in the federal court." <u>Hicks v.</u>
6  <u>Miranda</u>, 422 U.S. 332, 349 (1975) (state proceedings initiated a day after service of the complaint was
7  completed in federal case so <u>Younger</u> applied and denial of TRO did not constitute a proceeding of
8  substance); <u>Adultworld Bookstore v. City of Fresno</u>, 758 F.2d 1348, 1350-51 (9th Cir. 1985)
9  (evidentiary hearing on preliminary injunction constituted a substantive proceeding on the merits);
10 <u>Fresh Int'l Corp. v. Agric. Labor Relations Bd.</u>, 805 F.2d 1353, 1358 (9th Cir. 1986).  Courts have
11 held the a ruling on a motion for preliminary injunction is considered substance on the merits for
12 purposes of <u>Younger</u>, and therefore, abstention does not apply. <u>Hawaii Hous. Auth. v. Midkiff</u>, 467
13 U.S. 229, 238 (1984) (issuance of a preliminary injunction after a hearing was substance on the
14 merits); <u>Adultworld Bookstore</u>, 758 F.2d at 1350-51 (evidentiary hearing on preliminary injunction
15 was substantive proceeding on the merits).  Courts have also held that motions to dismiss are not
16 considered substance on the merits.  See <u>Kalniz v. Ohio State Dental Bd.</u>, 699 F. Supp. 2d 966, 971-72
17 (S.D. Ohio 2010) (motion to dismiss that was filed but not decided is not a proceeding of substance
18 on the merits); <u>Mannheim Video, Inc. v. County of Cook</u>, 884 F.2d 1043, 1046 n. 4 (7th Cir. 1989)
19 (a ruling on a motion to dismiss to determine whether a possible case with a legal remedy existed was
20 still considered in the embryonic stage of a case); <u>Ciotti v. County of Cook</u>, 712 F.2d 313-14 (7 Cir.
21 1983) (ruling on motion to dismiss based on standing was not considered substance on the merits and
22 <u>Younger</u> abstention applied).

23     If a criminal case is ongoing, <u>Younger</u> abstention would be implicated, see <u>Younger v. Harris</u>,
24 401 U.S. 37 (1971) (barring the federal court from hearing a civil rights claim arising from an ongoing
25 criminal prosecution), as would the issue of a <u>Wallace</u> stay, see <u>Wallace v. Kato</u>, 549 U.S. 384, 394
26 (2007) (allowing a federal court to stay consideration of the federal claim until the criminal case is
27 resolved if claim relates to rulings that will likely be made in a pending criminal trial).
28     Here, state criminal proceedings have begun and are ongoing.  The instant civil 42 U.S.C. §

1983 complaint was filed on May 18, 2012. (Dkt. No. 1.) Criminal proceedings began in state court on January 31, 2013. While the federal case had been pending for over a year before the state criminal case was instituted, the Court has only addressed a motion to dismiss ruled on September 10, 2012 and Plaintiffs' *ex parte* motion for temporary restraining order to enjoin the grand jury proceedings in state court. (Dkt. Nos. 24, 34.) Currently pending is a motion to dismiss the first amended complaint. (Dkt. No. 28.) The Court concludes that the rulings on Defendants' motion to dismiss and Plaintiffs' *ex parte* TRO are not substantial rulings on the merits of the case. See Mannheim Video, Inc., 884 F.2d at 1046 n. 4 (ruling on motion to dismiss was not considered a substantive proceeding); Hicks, 422 U.S. at 349 (denial of TRO did not constitute a proceeding of substance). An operative complaint is still in the process of being formulated. The case is in the early, embryonic stage and subject to the holding in Younger.

As to the other Younger requirements, the state criminal proceedings implicate important state interests in the administration of its judicial system. Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004). Plaintiffs are also not barred from litigating their federal constitutional issues in the state proceedings. The first amended complaint concern alleged constitutional violations regarding the investigative process that led to the Grand Jury indictment. These issues can be raised in his state criminal case. Lastly, this Court's actions and rulings concerning the legality of Defendants' investigation of the case would interfere with the state proceedings. Accordingly, the Court finds it must abstain and stay proceedings in the instant case while the state criminal action proceeds.[3]

**Conclusion**

Based on the above, the Court ABSTAINS and STAYS the proceedings in the instant case while the pending criminal case is proceeding. Defendants shall submit a status report regarding the status of the state court proceedings every 120 days until the stay in this case is lifted. The Court also DENIES Plaintiffs' motion for reduced bail as not properly before this Court, GRANTS Plaintiffs' motion for a stay and DENIES Plaintiffs' motion for appointment of counsel as MOOT. The Court

---

[3] If Younger applies, the Court must dismiss claims seeking equitable relief and stay claims seeking damages pending completion of the state court proceedings. Gilbertson v. Albright, 381 F.3d 965, 968 (9th Cir. 2004). The first amended complaint seeks equitable relief and damages. At this time, the Court STAYS all relief sought by Plaintiffs.

further DENIES Defendants' motion to dismiss the first amended complaint subject to refiling once the stay has been lifted. The motion hearing set for March 22, 2013 is hereby VACATED.

IT IS SO ORDERED.

DATED: March 22, 2013

HON. GONZALO P. CURIEL
United States District Judge