# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WISE, an individual; CHRISTINA WISE, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> DANIEL NORDELL, in his individual and official capacity; JIM KOERBER, in his official capacity; BONNIE DUMANIS, in her official capacity; THE SAN DIEGO DISTRICT ATTORNEY'S OFFICE; ANGELA CHANGE, in her individual and official capacity; THE COUNTY OF SAN DIEGO; THE CALIFORNIA BOARD OF MEDICAL EXAMINERS; DOES 1-50, <br><br> Defendant. | CASE NO. 12cv1209-GPC(BGS) <br><br> **ORDER DENYING PLAINTIFF DAVID WISE'S MOTION TO AMEND COMPLAINT; MOTION TO BIFURCATE; RENEWED MOTION TO APPOINT COUNSEL; MOTION TO SUSPEND CRIMINAL SENTENCE; MOTION TO RULE CALIFORNIA CASE LAW AS UNCONSTITUTIONAL; AND MOTION TO ALLOW MAILING OF NEW SERVICES OF PROCESS AS PREMATURE** <br><br> [Dkt. No. 63.] |

On November 18, 2014, Plaintiff Davis Wise filed numerous motions in this stayed case. (Dkt. No. 63.) On March 22, 2013, the Court issued an order staying the case pursuant to <u>Younger v Harris</u>, 401 U.S. 37 (1971) due to the ongoing criminal proceeding in state court. Based on the most recent status report filed by Defendants, on November 6, 2014, Plaintiff David Wise was sentenced to 7 years 9 months local

prison time and Plaintiff Christina Wise was sentenced to 5 years local prison time in state court. The stay in this case has not yet been lifted.

A "state proceeding is deemed 'pending' for purposes of <u>Younger</u> abstention until state appellate remedies are exhausted." <u>Nichols v. Brown</u>, 945 F. Supp. 2d 1079, 1095 (C.D. Cal. 2013) (citing <u>Dubinka v. Judges of Superior Court of State of Cal. for County fo Los Angeles</u>, 23 F.3d 218, 223 (9th Cir. 1994)); see <u>New Orleans Public Serv., Inc. v. Council of City of New Orleans</u>, 491 U.S. 350, 369 (1989) ("For <u>Younger</u> purposes, the State's trial-and -appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign."). Therefore, a party may not terminate the state judicial process early in order to attack a trial court's judgment in federal court. <u>New Orlean Public Serv., Inc.</u>, 491 U.S. at 369; <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 608 (1975). Moreover, a party must exhaust his state appellate remedies if he seeks federal intervention in a state judicial proceeding. <u>Huffman</u>, 420 U.S. at 609.

Because Plaintiff David Wise recently pled guilty, he has not yet exhausted his state appellate remedies. Accordingly, the Court DENIES his motions as premature. Once appellate remedies are exhausted, Plaintiff may move to lift the stay and proceed with the case.

Once a stay in this case is lifted, the Court cautions Plaintiff that if he seeks to attack the validity or duration of confinement and the relief he seeks is for an immediate release or a speedier release, his only remedy is a writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994). However, if a plaintiff seeks relief under 42 U.S.C. § 1983, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness could render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or

called into question by a writ of habeas corpus." Heck, 512 U.S. at 486-87. A claim for damages which bears a direct relationship to the length or validity of a sentence which has not already been shown to be invalid is not cognizable under § 1983. Id. at 487. A plaintiff's § 1983 causes of action cannot be maintained and must be dismissed to the extent the claims would "necessarily imply the invalidity" of an underlying conviction or sentence, and no showing has been made that the conviction or sentence has been invalidated. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).

IT IS SO ORDERED.

DATED: December 9, 2014

HON. GONZALO P. CURIEL
United States District Judge