UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WISE, an individual; CHRISTINA WISE, an individual,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>DANIEL NORDELL, in his individual and official capacity; JIM KOERBER, in his official capacity; BONNIE DUMANIS, in her official capacity; THE SAN DIEGO DISTRICT ATTORNEY'S OFFICE; ANGELA CHANG, in her individual and official capacity; THE COUNTY OF SAN DIEGO; THE CALIFORNIA BOARD OF MEDICAL EXAMINERS; DOES 1-50,<br><br>　　　　　　　　　　　Defendants. | Case No.: 12cv1209-GPC(AGS)<br><br>**ORDER GRANTING DEFENDANT ANGELA CHANG'S MOTION TO DISMISS**<br><br>**[Dkt. No. 112.]** |

On May 14, 2018, Defendant Angela Chang filed a motion to dismiss this action for Plaintiffs David and Christina Wise's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rules 41.1, 83.1 and 83.11. (Dkt. No. 112.) No opposition has been filed with the Court. Based on the reasoning below, the Court GRANTS Defendant's motion to dismiss.

1

# Discussion[1]

Federal Rule of Civil Procedure ("Rule") 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). District courts must weigh five factors before determining whether to dismiss an action under Rule 41(b). They are "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (citations omitted).

Here, the public's interest in expeditious resolution of the case supports dismissal. The stay in this case was lifted a year ago on July 20, 2017 and since then, Plaintiffs have not sought to prosecute the case or oppose motions filed in this case. Next, the court's inherent power to manage its docket supports dismissal where non-compliance with court orders and procedural rules wastes "valuable time that [the Court] could have devoted to other . . . cases." See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992); see also In re PPA Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) ("'It is incumbent upon us to preserve the district courts' power to manage their dockets' without being subject to endless non-compliance with case management orders."). Third, Defendant Chang has suffered prejudice as she has incurred unnecessary expense in preparing for and appearing at the ENE, monitoring the docket, reaching out to Plaintiffs and filing the instant motion. See In re PPA Prods. Liab. Litig., 460 F.3d at 1228 ("prejudice . . . may . . . consist of costs or burdens of litigation."). Fourth, there is a public policy favoring disposition of cases on their merits and this factor does not support dismissal. Lastly, the Court concludes there are no other less drastic alternatives where Plaintiffs have failed to

---

[1] This case has a long procedural and factual history. The Court incorporates by reference the facts contained in its order granting Defendants' motion to dismiss filed on March 13, 2018. (Dkt. No. 102.)

respond or appear and another order directing them to respond will likely be futile. For example, on August 9, 2017, Defendants Bonnie Dumanis, Jim Koerber, Daniel Nordell and the County of San Diego filed a motion to dismiss. (Dkt. No. 88.) Because Plaintiffs did not file an opposition, the Court, on September 19, 2017 noted their failure to oppose and granted them another opportunity to file an opposition. (Dkt. No. 92.) Though late, on October 19, 2017, David filed a response but only objected to the stay lifted by the Court and did not address the merits of the motion. (Dkt. No. 96.) Because David did not address the merits of the motion to dismiss, the Court granted him one final opportunity to file an opposition. (Dkt. No. 100.) Neither David nor Christina filed an opposition. On March 13, 2018, the Court granted Defendants' motion to dismiss. (Dkt. No. 102.) Since then, neither party has responded to any Court orders. Therefore, an order granting Plaintiffs additional time to file an opposition would be futile based on their inaction in prosecuting their case or responding to court orders, and imposing other less drastic alternatives would not be feasible. In balancing the five <u>Henderson</u> factors, the Court concludes that the factors weigh in favor of dismissing this action.

 Moreover, Local Civil Rule 41.1 states that cases which have been pending for more than six months without any proceedings may be dismissed by the court for want of prosecution. Local Civ. R. 41.1. Local Civil Rule 83.1 states that a party, including a pro se party's failure to comply with the Local Rules, the Federal Rules of Civil Procedure or with any court order may be grounds for dismissal. Local Civ. R. 83.1, 83.11.

 Here, Plaintiff Christina Wise has not filed any documents for over four years since she filed a notice of change of address on April 25, 2014. (Dkt. No. 55.) David Wise's last filing was on October 19, 2017 but he has not filed any documents since then. (Dkt. No. 96). Since October 19, 2017, David and Christina Wise have failed to comply with the Court's briefing schedule to file an opposition to Defendants' motion to dismiss. (Dkt. No. 100.) They did not appear at the court ordered early neutral evaluation and case management conference scheduled on April 10, 2018 before Magistrate Judge Skomal. (Dkt. No. 105.) When the court hearing was scheduled, Defendant attempted to

reach Plaintiffs by mailing and emailing the ENE order along with the tele-conference call-in information. (Dkt. No. 112-2, Arnold Decl. ¶ 1.) Defendant did not receive a response and received an email notification that the email was undeliverable. (Id. ¶ 2.) Plaintiffs did not appear at the ENE/CMC hearing. (Dkt. No. 110.) Due to Plaintiffs' failure to prosecute and failure to comply with court orders, the first amended complaint is subject to dismissal pursuant to Local Civil Rules 83.1 and 83.11.

Furthermore, Plaintiffs have also failed to update their address in violation of Local Civil Rule 83.11(b).[2] On April 25, 2014, Christina filed a notice of change of address. (Dkt. No. 55.) However, since March 7, 2017, court filings mailed to Christina have been returned as undeliverable. (See Dkt. Nos. 81, 87, 91, 94, 99, 101, 106, 107, 109, 111.) More recently, a court filing to David Wise was returned undeliverable on April 2, 2018. (Dkt. No. 108.) Plaintiffs' failure to inform the Court and the opposing party of a current mailing address subjects the complaint to a dismissal. See Local Civ. R. 83.11(b).

## Conclusion

Based on the reasoning above, the Court GRANTS Defendant Angela Chang's motion to dismiss the first amended complaint. As Defendant Chang is the last remaining Defendant in this matter (see Dkt. No. 102 at 20 n.8), the Clerk of Court is ORDERED to close the case. The hearing set for July 27, 2018 shall be **vacated.**

IT IS SO ORDERED.

Dated: July 24, 2018

*[signature]*
Hon. Gonzalo P. Curiel
United States District Judge

---

[2] "A party proceeding pro se must keep the court and opposing parties advised as to current address. If mail directed to a pro se plaintiff by the clerk at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of the plaintiff's current address, the court may dismiss the action without prejudice for failure to prosecute." Local Civ. R. 83.11(b)